[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #108 CT Page 1407
A motion to strike tests the legal sufficiency of a complaint. Practice Book 152; Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). The motion to strike admits all facts that are well pleaded, but does not admit "legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). The court must construe the facts alleged in the complaint in the light most favorable to the pleader. Rowe v. Godou, 209 Conn. 273,278, 550 A.2d 1073 (1988). A motion to strike must fail, however, if the facts provable under the allegations of the complaint support a cause of action. Mingachos v. CBS, Inc., supra, 108-09.
Count One — CUTPA
The dealership first contends that count one is insufficient to state a claim under CUTPA because the plaintiffs have not alleged that Finke was engaged in an unfair or deceptive trade practice when the accident occurred. The plaintiffs alleged that: according to the manufacturer, the repair did not require a road test; the vehicle was damaged while it was being driven by Finke; the dealership had a practice of allowing agents and employees to use customers' vehicles for personal or corporate errands without the customers' permission; and the plaintiffs suffered damage as a result of this unfair and deceptive practice. Construing the facts alleged in the complaint in the light most favorable to the plaintiff; Rowe v. Godou, supra; the plaintiffs have alleged facts sufficient to indicate that Finke was driving their vehicle on a personal or corporate errand at the time of the accident.
The dealership next contends that the actions alleged in the complaint do not constitute an unfair and deceptive trade practice under CUTPA. General Statutes 42-110b(a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." A corporation is a person under CUTPA. General Statutes 42-110a(3).
To determine whether a trade practice is unfair the courts apply a three-part test:
 (1) [W]hether the practice, without necessarily having been previously considered unlawful, CT Page 1408 offends public policy as it has been established by statutes, the common law or otherwise-whether, in other words, it is within at least the penumbra of some common law, statutory or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers . . .
(Citations and quotation marks omitted.) A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215, 579 A.2d 69 (1990).
 The independent nature of the consumer injury criterion does not mean that every consumer injury is legally "unfair," however. To justify a findings of unfairness the injury must satisfy three tests. It must be substantial; it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and it must be an in jury that the consumers themselves could not reasonably have avoided.
(Citations and quotation marks omitted.) Id., 216.
The plaintiffs allege in the revised complaint that the dealership, "in its usual course of conduct or business, allowed or permitted its agents and employees to use customers' vehicles for personal or corporate errands, without obtaining the customers' permission for said use." (Plaintiffs' Revised Complaint, para. 7) The plaintiffs further allege that this practice was unfair and deceptive and, as a result of the dealership's violation of CUTPA, the plaintiffs sustained an ascertainable loss. (Plaintiffs' Revised Complaint, paras. 9, 11).
The plaintiffs have alleged a trade practice which offends traditional notions of fairness and ethical behavior. The plaintiffs' allegations also satisfy the three-part test for substantial injury: the complete loss of their vehicle is a substantial loss, there appears to be no countervailing benefit created by the practice for anyone other than the dealership; and, as they were unaware of Finke's actions, there was no way for the plaintiffs to avoid this in jury. Whether the plaintiffs can prove their allegations is not at issue here. In addition, the plaintiffs need not prove all three requirements to establish CT Page 1409 unfairness. "A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." Atlantic Richfield Co. v. Canaan Oil Co.,202 Conn. 234, 242, 520 A.2d 1008 (1987).
The plaintiffs have alleged facts that, if proven, are sufficient to meet the requirements of the test for unfair trade practices set out in A-G Foods, Inc. v. Pepperidge Farm, Inc., supra. In addition, because the plaintiffs have alleged an unfair trade practice under CUTPA, it is unnecessary to consider whether the practice is also a deceptive trade practice. The motion to strike count one of the plaintiffs' revised complaint is denied.
Count Two — Conversion
In count two of the revised complaint the plaintiffs allege that the dealership converted their car when, through its destruction and willful interference, it was unable to return the car to them.
 Conversion is usually defined to be an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owner's rights. It is some unauthorized act which deprives another of his property permanently or for an indefinite time; some unauthorized assumption and exercise of the powers of the owner to his harm. The essence of the wrong is that the property rights of the plaintiff have been dealt with in a manner adverse to him, inconsistent with his right of dominion and to his harm.
(Internal citations and quotations marks omitted.) Falker v. Samperi, 190 Conn. 412, 419-30, 461 A.2d 681 (1983). Conversion can arise "subsequent to an initial rightful possession." Luciani v. Stop Shop Cos., 15 Conn. App. 407, 410, 544 A.2d 1238 (1988). The possession may become wrongful by a wrongful use of the property. Id.
The plaintiffs allege that the dealership allowed Finke to drive their car without their permission in a situation where a road test was not required. As a result, Finke was involved in an automobile accident resulting in the total loss of the plaintiffs' CT Page 1410 car. If proven, these allegations establish that the dealership obtained wrongful possession of the plaintiffs' vehicle by wrongfully using the vehicle and permanently deprived the plaintiffs of the use of their car. Therefore, the plaintiffs have alleged facts sufficient to state a cause of action for conversion against the dealership and the motion to strike count two of the plaintiffs' revised complaint is denied.
SYLVESTER, J.